**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-81310-CIV-CANNON**

**GERARDO MALDONADO JR.**,

        Plaintiff,

v.

**GEORGE C. ZOLEY**, **et al.**,

        Defendants.

_____/

## ORDER REQUIRING NOTICE OF DISMISSAL TO SHAREHOLDERS

**THIS CAUSE** comes before the Court upon the parties' jointly filed Stipulation of Voluntary Dismissal (the "Joint Stipulation"), filed on October 21, 2024 [ECF No. 45].   The Court stayed this case on November 21, 2022, pending resolution of *Hartel v. The CEO Group, Inc., et al.*, Case No. 20-81063-CIV (S.D. Fla) [ECF No. 33].   In accordance with that Order, the parties have filed nine status reports [ECF Nos. 34–39, 41, 43–44].   Now, in the Joint Stipulation, the parties note that in *Hartel*, the court granted final approval of a settlement on November 17, 2023 [Docket entry 104 in Case No. 20-81063].   The parties also note that in another related action—which was also stayed pending the *Hartel* case—those parties reached a settlement that would release the claims asserted in this case [ECF No. 45 p. 2 (citing *Zhang v. Zoley, et al.*, Case No. 21-92061-CIV (S.D. Fla)]. Therefore, the parties wish to dismiss this action under Rule 23.1(c) and Rule 41(a) [ECF No. 45].

Under Rule 23.1(c), "[a] derivative action may be . . . voluntarily dismissed . . . only with the court's approval."   Fed. R. Civ. P. 23.1(c).   Additionally, "[n]otice of a . . . voluntary dismissal . . . must be given to shareholders or members in the manner that the court orders."   *Id.*   Although a compliant stipulation of dismissal under Rule 41(a)(1)(A)(ii) is typically self-executing and dismisses the case "effective immediately upon filing," *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272,

CASE NO. 22-81310-CANNON

1277 (11th Cir. 2012), a voluntary dismissal under Rule 41(a)(1)(A) remains "[s]ubject to Rule[] 23.1(c)."  Fed. R. Civ. P. 41(a)(1)(A).

In the Joint Stipulation, the parties assert that notice to shareholders is unnecessary because "(i) notice of the settlement was issued in connection with the derivative settlement [in *Zhang*]; (ii) there has been no collusion among the parties; and (iii) neither Plaintiff nor his counsel has received or will receive directly or indirectly any consideration from Defendants for the dismissal" [ECF No. 45 p. 3].   The parties therefore ask that the Court dismiss this action with prejudice.

Upon review, it is hereby **ORDERED AND ADJUDGED** as follows:

1. **The parties shall provide notice of this dismissal to The GEO Group's shareholders or members and file proof of such notice on the docket on or before December 3**, **2024**. Assuming Rule 23.1(c) permits excusal of notice notwithstanding its mandatory language, no basis for excusal has been presented here.   Fed. R. Civ. P. 23.1(c).

2. The Court deems the parties' Stipulation ineffective [ECF No. 45].

3. This case remains **STAYED** pending compliance with this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of October 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

2